UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **LARHONDA CLAXTON** | : | Civil Action No.: |
| | : | |
| **Plaintiff,** | : | |
| v. | : | |
| | : | |
| **WEST HAVEN COMMUNITY HOUSE ASSOCIATION, INCORPORATED THE** | : | |
| | : | |
| **Defendant** | : | January 5, 2026 |

## COMPLAINT

1.    Larhonda Claxton worked for West Haven Community House for sixteen years. In 2023, a coworker began stalking and sexually harassing her with escalating intensity. She reported the conduct repeatedly—informally at first, then formally in April 2024. Management knew. Clients reported it. Coworkers reported it. Security cameras captured it. The employer did nothing effective to stop it. Instead, within weeks of her complaints, the employer began disciplining Claxton for the first time in her long tenure. Six months after her formal complaint, the employer terminated her. This case seeks justice and accountability for her wrongful firing.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in this judicial district, and Defendant maintains its principal place of business in this district.

## PARTIES

7. Plaintiff Larhonda Claxton is an African American woman and a resident of Connecticut.

8. Defendant West Haven Community House Association, Incorporated The, d/b/a West Haven Community House, is an employer within the meaning of Title VII employing more than 100 persons and maintains its principal place of business in West Haven, Connecticut.

## ADMINISTRATIVE PROCEEDINGS

4. Plaintiff timely filed a charge of discrimination with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about November 2024, which was assigned CHRO No. 2530439 and EEOC No. 16A-2025-00554.

5. On October 6, 2025, the CHRO issued a Release of Jurisdiction.

6. On December 19, 2025, the EEOC issued a Notice of Right to Sue.

## FACTUAL ALLEGATIONS

**Background**

9. Plaintiff was employed by Defendant for approximately 16 years.

10. At the time of her termination, Plaintiff held the position of DSO supervisor.

11. Throughout her employment with Defendant, Plaintiff maintained excellent job performance and positive relationships with colleagues and subordinates.

**Sexual Harassment**

12. In or around November 2023, Defendant hired a male employee.

13. Beginning a few months after his hire, this coworker engaged in behavior toward Plaintiff that constituted sexual harassment.

14. The harassing behavior escalated to conduct that Plaintiff reasonably perceived as stalking and harassment.

15. The harassment was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

16. Beginning when the harassment commenced, Plaintiff made repeated informal notifications to Defendant's management regarding the coworker's conduct.

17. Plaintiff requested accommodations to prevent the harassing behavior from continuing.

18. Defendant was aware of the harassment through multiple sources, including: Plaintiff's informal notifications; Reports from clients; Reports from other coworkers; and closed circuit video security footage captured by Defendant.

19. Defendant failed to take prompt and effective remedial action to stop the harassment.

20. Defendant ignored Plaintiff's informal notifications or denied her requests for accommodations.

21. The harasser was permitted to continue contacting and harassing Plaintiff despite her repeated complaints.

22. In April 2024, Plaintiff filed a formal internal complaint of harassment and stalking.

23. Following Plaintiff's formal complaint, Defendant claimed to impose conditions prohibiting the harasser from contacting Plaintiff directly.

24. The harasser violated these conditions by continuing to contact Plaintiff directly.

25. Plaintiff reported these continuing violations to Defendant.

26. Defendant failed to enforce the conditions or take effective action to protect Plaintiff from the ongoing harassment.

27. The harassment, combined with Defendant's inadequate response, caused Plaintiff significant emotional distress.

**Retaliation**

28. Following Plaintiff's informal complaints of harassment, Defendant subjected Plaintiff to disciplinary actions and written warnings.

29. Plaintiff had not been subjected to such discipline prior to making complaints about the harassment.

30. After Plaintiff filed her formal complaint in April 2024, Defendant's treatment of Plaintiff changed markedly.

31. Defendant responded to Plaintiff's work-related concerns with hostility.

32. Defendant treated Plaintiff differently from similarly situated employees who had not complained of harassment.

33. The disciplinary actions that began after Plaintiff's informal complaints were brought to conclusion with formal discipline against Plaintiff.

34. On December 17, 2024, approximately six months after filing her formal complaint, Plaintiff was terminated from employment with Defendant.

35. Plaintiff's termination was in retaliation for her complaints of sexual harassment.

36. At the time of termination, Plaintiff had been employed by Defendant for over 15 years.

## CAUSES OF ACTION

**COUNT ONE: Hostile Work Environment Sexual Harassment Under Title VII**

1-36. Plaintiff incorporates by reference all preceding paragraphs.

37. Defendant subjected Plaintiff to unwelcome sexual harassment by a coworker that was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment.

38. The harassment was based on Plaintiff's sex.

39. Defendant had actual knowledge of the harassment through Plaintiff's complaints, reports from clients and coworkers, and its own security footage.

40. Despite such knowledge, Defendant failed to take prompt and effective remedial action reasonably calculated to end the harassment.

41. Defendant's conduct constitutes unlawful sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

42. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

**COUNT TWO: Retaliation in Violation of Title VII**

1-42. Plaintiff incorporates by reference all preceding paragraphs.

43. Plaintiff engaged in protected activity by complaining about sexual harassment, both informally on multiple occasions and formally in April 2024.

44. Defendant took adverse employment actions against Plaintiff, including subjecting her to disciplinary actions and ultimately terminating her employment.

45. There is a causal connection between Plaintiff's protected activity and the adverse employment actions taken against her.

46. The temporal proximity between Plaintiff's formal complaint in April 2024 and her termination in December 2024 supports an inference of retaliatory intent.

47. Defendant's progressive discipline of Plaintiff commenced only after she began complaining about harassment and culminated shortly after her formal complaint.

48. Defendant's conduct constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a).

49. As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

**COUNT THREE: Sexual Harassment in Employment in Violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 et seq.**

1-49. Plaintiff incorporates by reference all preceding paragraphs.

50. Defendant is an employer within the meaning of the Connecticut Fair Employment Practices Act, employing three or more persons.

51. Defendant subjected Plaintiff to unwelcome sexual harassment by permitting a coworker to engage in conduct of a sexual nature that was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create a hostile, intimidating, or offensive work environment.

52. The harassment was based on Plaintiff's sex.

53. Defendant knew or should have known of the harassment through Plaintiff's repeated complaints, reports from clients and coworkers, and its own security video footage.

54. Defendant failed to take immediate and appropriate corrective action reasonably calculated to end the harassment.

55. Defendant's conduct constitutes sexual harassment in violation of Conn. Gen. Stat. § 46a-60(b)(8).

56. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, and other compensatory damages.

**COUNT FOUR: Retaliation in Violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 et seq.**

1-56. Plaintiff incorporates by reference all preceding paragraphs.

57. Plaintiff engaged in activity protected under Connecticut law by opposing practices forbidden by the Connecticut Fair Employment Practices Act, specifically by complaining about sexual harassment.

58. Defendant subjected Plaintiff to adverse employment actions, including disciplinary measures and termination of employment.

59. A causal nexus exists between Plaintiff's protected opposition to sexual harassment and the adverse employment actions Defendant imposed upon her.

60. The temporal sequence—disciplinary actions commencing after informal complaints and termination following within six months of the formal complaint—demonstrates retaliatory animus.

61. Defendant's conduct constitutes unlawful retaliation in violation of Conn. Gen. Stat. § 46a-60(b)(4).

62. As a direct and proximate result of Defendant's retaliatory conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, and other compensatory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction over this matter;

B. Declare that Defendant's conduct violated civil rights law as outlined above;

C. Award Plaintiff compensatory damages for pecuniary losses, including back pay and front pay, with prejudgment interest;

D. Award Plaintiff compensatory damages for emotional distress and other non-pecuniary losses;

E. Award Plaintiff punitive damages;

F. Award Plaintiff her reasonable attorney's fees and costs;

G. Award Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,<br>PLAINTIFF

By: __/s/__Alexander T. Taubes
Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com
Juris No.: 437388
